**EXHIBIT "1"**

# CASE SUMMARY
## CASE NO. C-4012-21-J

| | | |
|---|---|---|
| Alejandro Cardenas | § | Location: **430th District Court** |
| VS. | § | Judicial Officer: **Ramon, Israel, Jr.** |
| Transportes Canales S A De CV, Josue Alejandro Castro | § | Filed on: **09/29/2021** |
| Gonzalez, Transportes Canales S A De CV | § | |

### CASE INFORMATION

Case Type: **Injury or Damage - Motor Vehicle (OCA)**

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number           C-4012-21-J
Court                 430th District Court
Date Assigned         09/29/2021
Judicial Officer      Ramon, Israel, Jr.

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Plaintiff | Cardenas, Alejandro | **WYATT, PAULA A.** |
| | | *Retained* |
| | | 210-340-5550(W) |
| Defendant | Castro Gonzalez, Josue Alejandro | |
| | Transportes Canales S A De CV | |
| | Transportes Canales S A De CV | **HUNTER, JAMES H., Jr.** |
| | | *Retained* |
| | | 956-542-4377(W) |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 05/16/2022 | 🗎 Answer<br>Party: Defendant  Transportes Canales S A De CV<br>*ORIGINAL ANSWER* | |
| 03/01/2022 | 🗎 Request<br>*FOR CERTIFIED COPIES* | |
| 02/24/2022 | 🗎 Certificate<br>*OF COURT COSTS* | |
| 02/10/2022 | 🗎 Citation Issued<br>Party: Defendant  Transportes Canales S A De CV;  Defendant  Castro Gonzalez, Josue Alejandro | |
| 02/10/2022 | **Citation**<br>🗎 Transportes Canales S A De CV<br>Served: 04/21/2022<br>Anticipated Server: E-Served to Attorney<br>Actual Server: E-Served to Attorney<br>Return Date/Time: 05/03/2022 | |
| 02/10/2022 | **Citation**<br>Transportes Canales S A De CV | |

*Printed on 06/17/2022 at 10:35 AM*

# CASE SUMMARY
## CASE NO. C-4012-21-J

| | |
|---|---|
| | Unserved<br>Anticipated Server: E-Served to Attorney<br>Castro Gonzalez, Josue Alejandro<br>Unserved<br>Anticipated Server: E-Served to Attorney |
| 02/10/2022 | Request for Service |
| 02/02/2022 | Certificate<br>*OF COURT COSTS; TEXAS DEPARTMENT OF PUBLIC SAFETY (DRIVING)* |
| 11/22/2021 | Notice Sent<br>Party:  Attorney  WYATT, PAULA A.<br>*ORDER TO APPOINT PROCESS SERVER* |
| 11/17/2021 | Order Signed<br>*Order to Appoint Special Process Server* |
| 11/17/2021 | Order Signed<br>*TO APPOINT SPECIAL PROCESS SERVER* |
| 11/16/2021 | E-Filing Forwarded to Court Queue<br>*ORDER TO APPOINT SPECIAL PROCESS SERVER* |
| 11/15/2021 | Amended Petition<br>*PLAINTIFF'S AMENDED ORIGINAL PETITION* |
| 11/15/2021 | Proposed Order<br>*TO APPOINT SPECIAL PROCESS SERVER* |
| 11/15/2021 | Motion<br>*TO APPOINT SPECIAL PROCESS SERVER* |
| 09/30/2021 | Citation Issued<br>Party:  Defendant  Transportes Canales S A De CV;  Defendant  Castro Gonzalez, Josue Alejandro |
| 09/30/2021 | **Precept**<br>Transportes Canales S A De CV<br>Unserved<br>Anticipated Server: E-Served to Attorney |
| 09/30/2021 | **Precept**<br>Transportes Canales S A De CV<br>Unserved<br>Anticipated Server: E-Served to Attorney<br>Castro Gonzalez, Josue Alejandro<br>Unserved<br>Anticipated Server: E-Served to Attorney |
| 09/29/2021 | Original Petition (OCA)<br>*APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND REQUEST FOR TEMPORARY INJUNCTION* |

| DATE | FINANCIAL INFORMATION |
|---|---|

*Printed on 06/17/2022 at 10:35 AM*

**EXHIBIT "1"**

350TH DISTRICT COURT

# CASE SUMMARY
### CASE NO. C-4012-21-J

**Plaintiff** Cardenas, Alejandro
Total Charges                                                     506.00
Total Payments and Credits                                       506.00
**Balance Due as of 6/17/2022**                                    **0.00**

DATE __6-17-22__

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas

By _____ Deputy #55

*Printed on 06/17/2022 at 10:35 AM*

**EXHIBIT "1"**

Electronically Filed
5/3/2022 11:23 AM
Hidalgo County District Clerks
Reviewed By: Edgar Sandoval

### C-4012-21-J
### 430TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION
### THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**TRANSPORTES CANALES S A DE CV**
**CHAIRMAN OF THE TRANSPORTATION COMMISSION**
**J BRUCE BUGG JR**
**125 E 11ᵀᴴ STREET**
**AUSTIN, TEXASS 78701-2483**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S AMENDED ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Israel Ramon, Jr., 430th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 29th day of September, 2021 and a copy of same accompanies this citation. The file number and style of said suit being C-4012-21-J, **ALEJANDRO CARDENAS VS. TRANSPORTES CANALES S A DE CV, JOSUE ALEJANDRO CASTRO GONZALEZ**

Said Petition was filed in said court by Attorney PAULA A. WYATT, 21 Lynn Batts Lane, Suite 10 San Antonio, Texas 78218

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 10th day of February, 2022.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**LORENA GONZALEZ, DEPUTY CLERK**

DATE 6-7-22
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy #55

**EXHIBIT "1"**

Electronically Filed
5/3/2022 11:23 AM
Hidalgo County District Clerks
Reviewed By: Edgar Sandoval

**C-4012-21-J**
## OFFICER'S RETURN

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**
## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the ____day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

**EXHIBIT "1"**

Electronically Filed
5/3/2022 11:23 AM
Hidalgo County District Clerks
Reviewed By: Edgar Sandoval

## CAUSE NO. C-4012-21-J

| | | |
|---|---|---|
| Alejandro Cardenas | § | **IN THE DISTRICT COURT OF** |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| Transportes Canales S A DE CV, Josue Alejandro | § | |
| Castro Gonzalez | | |
| Defendant. | § | **430TH JUDICIAL DISTRICT** |

### DECLARATION OF SERVICE

"The following came to hand on Apr 16, 2022, at 11:22 am,

#### CITATION and PLAINTIFF'S AMENDED ORIGINAL PETITION,

and was executed at 125 E 11th St, Austin TX 78701 within the county of Travis at 3:14 pm on Thu, Apr 21, 2022, by delivering a true copy to the within named

**TRANSPORTES CANALES S A DE CV by delivering to the CHAIRMAN OF THE TRANSPORTATION COMMISSION:**
**J BRUCE BUGG JR.**
**Accepted by Ms. Felicia Wydermyer**

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **John Lawrence**, my date of birth is 12/29/1973, and my address is 4804 Edge Creek Dr, Austin, TX 78744, and United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Travis County, State of Texas, on April 30, 2022.

**John Lawrence**
**Certification Number:** PSC-15777 DATE 6-17-22
**Certification Expiration:** 1/31/2023

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy #55


**EXHIBIT "1"**

Electronically Filed
9/29/2021 6:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CAUSE NO. **C-4012-21-J** _____

| | | |
|---|---|---|
| ALEJANDRO CARDENAS | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | ____ JUDICIAL DISTRICT |
| TRANSPORTES CANALES SA DE CV and | § | |
| JOSUE ALEJANDRO CASTRO GONZALEZ | § | |
| *Defendants* | § | |
| | § | HIDALGO COUNTY, TEXAS |

---

**PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY
RESTRAINING ORDER, AND REQUEST FOR TEMPORARY INJUNCTION**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Alejandro Cardenas, files this Plaintiff's Original Petition, complaining of Defendants, Transportes Canales SA De CV, and Josue Alejandro Castro Gonzalez, and, and for a cause of action would respectfully show unto the Court the following:

## I.
## DISCOVERY

1.      Plaintiff intends to conduct discovery in this suit under Level Three, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this effect.

## II.
## PARTIES

2.      Plaintiff.  Alejandro Cardenas is a natural person and at all times relevant to this cause of action has been and continues to be a resident of Laredo, Webb County, Texas.

3.      Defendant.  Josue Alejandro Castro Gonzalez ("Gonzalez") is a natural person and at all times relevant to this cause has been and continues to be a resident of Nueva Laredo, Mexico. Mexico is a party to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents.  As such, service upon Gonzalez may be effected through the designated Mexican

**EXHIBIT "1"**

Electronically Filed
9/29/2021 6:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4012-21-J

Central Authority, the Ministry of Foreign Affairs, Directorate-General of Legal Affairs, Plaza Juarez No. 20, Planta Baja, Edificio Tlatelolco, Colonia Centro, Delegacion Cuauhtemoc, C.P. 06010, Mexico, Distrito Federal.

4.      Defendant Transportes Canales SA De CV ("Transportes Canales") is a foreign for-profit company, with an office address of 9801 S. Cage Boulevard, Suite 5, Pharr, Hidalgo County, Texas 78577 and Brecha #115 C/Via Ferrocarril Col Portes Gil CD Rio Bravo, Tamps, Mexico 00100,that is authorized to do business in Texas. Transportes Canales has designated Mauricio Cantu at 1223 St. Patrick Street, Laredo, Texas 78045 as its process agent in Texas, and, as such, may be served by serving Mauricio Cantu at 1223 St. Patrick Street, Laredo, Texas 78045. In addition, because Transportes Canales is a Mexican company, service upon Transportes Canales may be effected under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents through the designated Mexican Central Authority, the Ministry of Foreign Affairs, Directorate-General of Legal Affairs, Plaza Juarez No. 20, Planta Baja, Edificio Tlatelolco, Colonia Centro, delegacion Cuauhtemoc, C.P. 06010, Mexico, Distrito Federalis.

### III.
### VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This Court has jurisdiction over Defendants because Defendants conduct business in the state of Texas.

7.      Venue is proper in Hidalgo County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code, § 15.002(a)(3) in that Defendant Transportes Canales' principle office in this state is located in Hidalgo County at the time Plaintiff's cause of action accrued.

### IV.
### FACTS

8.      On August 6, 2021, Plaintiff Alejandro Cardenas was driving a 2015 Chrysler 200,

2

**EXHIBIT "1"**

Electronically Filed
9/29/2021 6:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4012-21-J

("Plaintiff's vehicle") and was traveling eastbound on the 8300 block of Killam Industrial

Boulevard in Webb County, Texas. Defendant Gonzalez was operating a 2014 Freightliner tractor

trailer combination ("Defendant vehicle"), which was owned by and being operated on behalf of

Defendant Transportes Canales and was also travelling eastbound on Killam Industrial Boulevard

in the left lane beside Plaintiff. Defendant Gonzalez failed to drive in a single lane, failed to control

his speed, attempted to make an illegal right turn from the left lane when he suddenly, violently,

and without warning slammed into the front driver's side of Plaintiff's vehicle. As a result of the

collision, Plaintiff sustained severe and debilitating injuries.

### V.
### AGENCY AND RESPONDEAT SUPERIOR

9.      At the time of the collision and the occurrences giving rise to this cause of action

Defendant Gonzalez was acting within the course and scope of his employment or official duties

for Defendant Transportes Canales and in furtherance of the duties of his office or employment

for Defendant Transportes Canales.

10.      Moreover, at all times relevant hereto, Josue Alejandro Castro Gonzalez was a

permissive user of Defendant Transportes Canales's vehicle.

11.      Additionally, at the time of the collision and at all other times relevant hereto,

Defendant Gonzalez was operating under the authority of t Defendant Transportes Canales as an

interstate or federal motor carrier.

12.      Defendant Transportes Canales, as the employer and/or motor carrier, is

responsible for the negligent acts or omissions of Defendant Gonzalez under the principles of

*respondeat superior* and by/or by virtue of statutory provisions including the Federal Motor Carrier

Safety Act.

**EXHIBIT "1"**

Electronically Filed
9/29/2021 6:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4012-21-J

## VI.
## NEGLIGENCE

13.     Plaintiff would show that, on the occasion in question, Defendants owed a duty to conduct himself in a manner consistent with the traffic laws of the State of Texas and to act as a reasonably prudent person and/or entity would act.

14.     Defendant Gonzalez breached his duty to Plaintiff and acted in a manner that was negligent or negligent *per se* by engaging in wrongful conduct including, but not limited to:

   a.     Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances;

   b.     Failing to properly control his vehicle so that a collision would not take place;

   c.     Failing to timely apply his brakes;

   d.     Failing to timely stop;

   e.     Failing to maintain a single lane of travel;

   f.     Failing to properly maintain and repair the subject vehicle;

   g.     Failing to maintain a speed that was reasonable and prudent under the circumstances then existing;

   h.     Failing to take timely or proper evasive action to avoid the collision in question;

   i.     Failing to safely turn left in violation of Tex. Trans. Code § 545.103;

   j.     Failing to pay proper attention; and

   k.     Operating his vehicle in willful or wanton disregard for the safety of persons, including Plaintiff, and/or property;

15.     Defendant Transportes Canales had a duty to exercise ordinary care to hire, qualify, train, and supervise Defendant Gonzalez with respect to ensuring that he was and would continue

4

**EXHIBIT "1"**

Electronically Filed
9/29/2021 6:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4012-21-J

to be a safe driver with knowledge of the matters necessary for the proper operation of the vehicle that he controlled. Defendant Transportes Canales breached its duty because:

       a.      It knew or should have known that Josue Alejandro Castro Gonzalez was not a capable, qualified, or knowledgeable driver;

       b.      It failed to provide the necessary training for Josue Alejandro Castro Gonzalez to operate his vehicle in a safe manner and in conformity with the requirements of the law; and

       c.      It failed to supervise Josue Alejandro Castro Gonzalez to ensure that he had operated his vehicle in a safe manner and could accomplish his work assignments in a safe manner.

14.     Each of Defendants' acts and omissions, singularly or in combination with others, constituted negligence and/or negligence *per se* that proximately and substantially caused the occurrence made the basis of this action, and the personal injuries and damages sustained by Plaintiff.

15.     Plaintiff would show that, as a proximate result of Defendants' negligence, as described herein, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

## VI.
## DAMAGES

16.     As a direct and proximate result of Defendants' negligence, Plaintiff Alejandro Cardenas suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical expenses for the care and relief of his injuries. For a long time to come, if not for the rest of his life, Plaintiff will continue to suffer physical injuries, physical impairment, disfigurement, pain and suffering, and mental anguish. Additionally, as a result of the accident, Plaintiff will incur reasonable and necessary medical expenses in the past and future. Plaintiff now sues for all of these damages in an amount that exceeds the minimum jurisdictional limit of this court.

**EXHIBIT "1"**

Electronically Filed
9/29/2021 6:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4012-21-J

17.     Pursuant to Texas Rule of Civil Procedure 47, Plaintiff asserts that he is seeking monetary relief in excess of $1,000,000.00.

18.     Plaintiff is entitled to recover pre-judgment and post-judgment interest as allowed by law.

## VII.
## CONDITIONS PRECEDENT

19.     All conditions precedent has been performed or have occurred to support the Plaintiff pleadings and causes of action.

## VIII.
## NOTICE PURSURANT TO RULE 193.7 TEX. R. CIV. P.

20.     Notice is hereby given to Defendants that Plaintiff intends to use all documents produced by each part in pretrial and/or trial of this cause, to the extent allowed pursuant to the Texas Rules of Civil Procedure.

## X.
## REQUEST FOR JURY TRIAL

21.     Plaintiff respectfully requests a trial by jury and has paid the jury fee.

## PRAYER

**WHEREFORE,** Plaintiff requests that Defendants be cited to appear and answer herein and that on final trial, Plaintiff have judgment against Defendant for:

1.     All medical expenses in the past and future;

2.     Mental anguish in the past and future;

3.     Physical pain in the past and future;

4.     Physical impairment in the past and future;

5.     Lost wages and loss of earning capacity in the past and future;

6.     Disfigurement in the past and future;

**EXHIBIT "1"**

Electronically Filed
9/29/2021 6:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4012-21-J

7.   Pre- and post-judgment interest as allowed by law;

8.   Costs of suit; and

9.   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WYATT LAW FIRM, PLLC**
Oakwell Farms Business Center
21 Lynn Batts Lane, Suite 10
San Antonio, Texas 78218
Tel.: (210) 340-5550
Fax: (210) 340-5581
E-service: e-serve@wyattlawfirm.com

DATE 6-17-22
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy #55

By: _/s/ Paula A. Wyatt_
     Paula A. Wyatt
     State Bar No. 10541400
     Gavin McInnis
     State Bar No. 13679800
     Louis Durbin
     State Bar No. 24078448
     George Deutsch
     State Bar No. 24087413
     **ATTORNEYS FOR PLAINTIFF**

7

**EXHIBIT "1"**

Electronically Filed
9/29/2021 6:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4012-21-J

STATE OF TEXAS                    §

COUNTY OF BEXAR                   §

<u>VERIFICATION</u>

BEFORE ME, the undersigned Notary Public, on this day personally appeared Louis Durbin, who, after being duly sworn, stated under oath that he is the attorney for the Plaintiff in this action, that he has read the Application for Temporary Restraining Order; and that every statement contained in the motion is within his personal knowledge and is true and correct.

LOUIS DURBIN

SUBSCRIBED AND SWORD TO BEFORE ME by the said Louis Durbin, on this the 29th day of September 2021.

VALERIE ANN GARZA
Notary Public, State of Texas
Comm. Expires 04-10-2023
Notary ID 131968156

Notary Public in and for the
State of Texas                    DATE 6-17-22

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas

By _____ Deputy #55

1

**EXHIBIT "1"**

Electronically Filed
11/15/2021 7:05 PM
Hidalgo County District Clerks
Reviewed By: Edgar Sandoval

CAUSE NO. C-4012-21-J

| | | |
|---|---|---|
| ALEJANDRO CARDENAS | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | JUDICIAL DISTRICT |
| TRANSPORTES CANALES SA DE CV and | § | |
| JOSUE ALEJANDRO CASTRO GONZALEZ | § | |
| *Defendants* | § | |
| | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S AMENDED ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Alejandro Cardenas, files this Plaintiff's Amended Original Petition, complaining of Defendants, Transportes Canales SA De CV, and Josue Alejandro Castro Gonzalez, and for a cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY

1.      Plaintiff intends to conduct discovery in this suit under Level Three, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this effect.

### II.
### PARTIES

2.      Plaintiff.  Alejandro Cardenas is a natural person and at all times relevant to this cause of action has been and continues to be a resident of Laredo, Webb County, Texas.

3.      Defendant.  Josue Alejandro Castro Gonzalez ("Gonzalez") is a natural person and at all times relevant to this cause has been and continues to be a resident of Nueva Laredo, Mexico. Mexico is a party to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents.  As such, service upon Gonzalez may be effected through the designated Mexican Central Authority, the Ministry of Foreign Affairs, Directorate-General of Legal Affairs, Plaza

1

**EXHIBIT "1"**

Electronically Filed
11/15/2021 7:05 PM
Hidalgo County District Clerks
Reviewed By: Edgar Sandoval

Juarez No. 20, Planta Baja, Edificio Tlatelolco, Colonia Centro, Delegacion Cuauhtemoc, C.P.

06010, Mexico, Distrito Federal by serving him at his address, 1711 Salinas Puga, Nueva Laredo,

Mexico, 88220.

     4.     Defendant Transportes Canales SA De CV ("Transportes Canales") is a foreign for-

profit company, with an office address of 9801 S. Cage Boulevard, Suite 5, Pharr, Hidalgo County,

Texas 78577 and Brecha #115 C/Via Ferrocarril Col Portes Gil CD Rio Bravo, Tamps, Mexico

00100, that is authorized to do business in Texas.  Service upon Defendant Transportes Canales

may be made pursuant to Tex. Civ. Prac. & Rem. Code Ann. §§ 17.061-17.069 and the Texas

Long-Arm Statute, Tex. Civ. Prac. & Rem. Code Ann. § 17.041, by service upon the **Chairman**

**of the Texas Transportation Commission, J. Bruce Bugg, Jr., 125 E. 11th Street, Austin, Texas**

**78701-2483**, who shall then forward the citation and petition to Defendant by certified mail, return

receipt requested to the principal place of business at Brecha #115 C/Via Ferrocarril Col Portes

Gil CD Rio Bravo, Tamps, Mexico 00100.  In addition, because Transportes Canales is a Mexican

company, service upon Transportes Canales may be effected under the Hague Convention on

Service Abroad of Judicial and Extrajudicial Documents through the designated Mexican Central

Authority, the Ministry of Foreign Affairs, Directorate-General of Legal Affairs, Plaza Juarez No.

20, Planta Baja, Edificio Tlatelolco, Colonia Centro, delegacion Cuauhtemoc, C.P. 06010, Mexico,

Distrito Federalis.

## III.
## VENUE

     5.     The subject matter in controversy is within the jurisdictional limits of this court.

     6.     This Court has jurisdiction over Defendants because Defendants conduct business

in the state of Texas.

     7.     Venue is proper in Hidalgo County, Texas, pursuant to Tex. Civ. Prac. & Rem.

**EXHIBIT "1"**

Electronically Filed
11/15/2021 7:05 PM
Hidalgo County District Clerks
Reviewed By: Edgar Sandoval

Code, § 15.002(a)(3) in that Defendant Transportes Canales' principle office in this state is located in Hidalgo County at the time Plaintiff's cause of action accrued.

## IV.
## FACTS

8.     On August 6, 2021, Plaintiff Alejandro Cardenas was driving a 2015 Chrysler 200, ("Plaintiff's vehicle") and was traveling eastbound on the 8300 block of Killam Industrial Boulevard in Webb County, Texas. Defendant Gonzalez was operating a 2014 Freightliner tractor trailer combination ("Defendant vehicle"), which was owned by and being operated on behalf of Defendant Transportes Canales and was also travelling eastbound on Killam Industrial Boulevard in the left lane beside Plaintiff. Defendant Gonzalez failed to drive in a single lane, failed to control his speed, attempted to make an illegal right turn from the left lane when he suddenly, violently, and without warning slammed into the front driver's side of Plaintiff's vehicle. As a result of the collision, Plaintiff sustained severe and debilitating injuries.

## V.
## AGENCY AND RESPONDEAT SUPERIOR

9.     At the time of the collision and the occurrences giving rise to this cause of action Defendant Gonzalez was acting within the course and scope of his employment or official duties for Defendant Transportes Canales and in furtherance of the duties of his office or employment for Defendant Transportes Canales.

10.    Moreover, at all times relevant hereto, Josue Alejandro Castro Gonzalez was a permissive user of Defendant Transportes Canales's vehicle.

11.    Additionally, at the time of the collision and at all other times relevant hereto, Defendant Gonzalez was operating under the authority of t Defendant Transportes Canales as an interstate or federal motor carrier.

3

EXHIBIT "1"

Electronically Filed
11/15/2021 7:05 PM
Hidalgo County District Clerks
Reviewed By: Edgar Sandoval

12.     Defendant Transportes Canales, as the employer and/or motor carrier, is responsible for the negligent acts or omissions of Defendant Gonzalez under the principles of *respondeat superior* and by/or by virtue of statutory provisions including the Federal Motor Carrier Safety Act.

## VI.
## NEGLIGENCE

13.     Plaintiff would show that, on the occasion in question, Defendants owed a duty to conduct himself in a manner consistent with the traffic laws of the State of Texas and to act as a reasonably prudent person and/or entity would act.

14.     Defendant Gonzalez breached his duty to Plaintiff and acted in a manner that was negligent or negligent *per se* by engaging in wrongful conduct including, but not limited to:

a.      Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances;

b.      Failing to properly control his vehicle so that a collision would not take place;

c.      Failing to timely apply his brakes;

d.      Failing to timely stop;

e.      Failing to maintain a single lane of travel;

f.      Failing to properly maintain and repair the subject vehicle;

g.      Failing to maintain a speed that was reasonable and prudent under the circumstances then existing;

h.      Failing to take timely or proper evasive action to avoid the collision in question;

i.      Failing to safely turn left in violation of Tex. Trans. Code § 545.103;

j.      Failing to pay proper attention; and

**EXHIBIT "1"**

Electronically Filed
11/15/2021 7:05 PM
Hidalgo County District Clerks
Reviewed By: Edgar Sandoval

k.      Operating his vehicle in willful or wanton disregard for the safety of persons, including Plaintiff, and/or property;

15.     Defendant Transportes Canales had a duty to exercise ordinary care to hire, qualify, train, and supervise Defendant Gonzalez with respect to ensuring that he was and would continue to be a safe driver with knowledge of the matters necessary for the proper operation of the vehicle that he controlled. Defendant Transportes Canales breached its duty because:

a.      It knew or should have known that Josue Alejandro Castro Gonzalez was not a capable, qualified, or knowledgeable driver;

b.      It failed to provide the necessary training for Josue Alejandro Castro Gonzalez to operate his vehicle in a safe manner and in conformity with the requirements of the law; and

c.      It failed to supervise Josue Alejandro Castro Gonzalez to ensure that he had operated his vehicle in a safe manner and could accomplish his work assignments in a safe manner.

14.     Each of Defendants' acts and omissions, singularly or in combination with others, constituted negligence and/or negligence *per se* that proximately and substantially caused the occurrence made the basis of this action, and the personal injuries and damages sustained by Plaintiff.

15.     Plaintiff would show that, as a proximate result of Defendants' negligence, as described herein, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

## VI.
## DAMAGES

16.     As a direct and proximate result of Defendants' negligence, Plaintiff Alejandro Cardenas suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical expenses for the care and relief of his injuries. For a long time to come, if not for the rest

**EXHIBIT "1"**

Electronically Filed
11/15/2021 7:05 PM
Hidalgo County District Clerks
Reviewed By: Edgar Sandoval

of his life, Plaintiff will continue to suffer physical injuries, physical impairment, disfigurement, pain and suffering, and mental anguish. Additionally, as a result of the accident, Plaintiff will incur reasonable and necessary medical expenses in the past and future. Plaintiff now sues for all of these damages in an amount that exceeds the minimum jurisdictional limit of this court.

17.     Pursuant to Texas Rule of Civil Procedure 47, Plaintiff asserts that he is seeking monetary relief in excess of $1,000,000.00.

18.     Plaintiff is entitled to recover pre-judgment and post-judgment interest as allowed by law.

## VII.
## CONDITIONS PRECEDENT

19.     All conditions precedent has been performed or have occurred to support the Plaintiff pleadings and causes of action.

## VIII.
## NOTICE PURSURANT TO RULE 193.7 TEX. R. CIV. P.

20.     Notice is hereby given to Defendants that Plaintiff intends to use all documents produced by each part in pretrial and/or trial of this cause, to the extent allowed pursuant to the Texas Rules of Civil Procedure.

## X.
## REQUEST FOR JURY TRIAL

21.     Plaintiff respectfully requests a trial by jury and has paid the jury fee.

## PRAYER

**WHEREFORE,** Plaintiff requests that Defendants be cited to appear and answer herein and that on final trial, Plaintiff have judgment against Defendant for:

1.     All medical expenses in the past and future;

2.     Mental anguish in the past and future;

6

Electronically Filed
11/15/2021 7:05 PM
Hidalgo County District Clerks
Reviewed By: Edgar Sandoval

3.   Physical pain in the past and future;

4.   Physical impairment in the past and future;

5.   Lost wages and loss of earning capacity in the past and future;

6.   Disfigurement in the past and future;

7.   Pre- and post-judgment interest as allowed by law;

8.   Costs of suit; and

9.   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WYATT LAW FIRM, PLLC**
Oakwell Farms Business Center
21 Lynn Batts Lane, Suite 10
San Antonio, Texas 78218
Tel.: (210) 340-5550
Fax: (210) 340-5581
E-service: e-serve@wyattlawfirm.com

DATE 6-17-22

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy #55

By: _/s/ Paula A. Wyatt_____
    Paula A. Wyatt
    State Bar No. 10541400
    Gavin McInnis
    State Bar No. 13679800
    Thomas Kocurek
    State Bar No. 24027421
    Louis Durbin
    State Bar No. 24078448
    George Deutsch
    State Bar No. 24087413
    **ATTORNEYS FOR PLAINTIFF**

7

**EXHIBIT "1"**

Electronically Filed
11/15/2021 7:08 PM
Hidalgo County District Clerks
Reviewed By: Edgar Sandoval

CAUSE NO. C-4012-21-J

| | | |
|---|---|---|
| ALEJANDRO CARDENAS | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | JUDICIAL DISTRICT |
| TRANSPORTES CANALES SA DE CV and | § | |
| JOSUE ALEJANDRO CASTRO GONZALEZ | § | |
| *Defendants* | § | |
| | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S MOTION TO APPOINT SPECIAL PROCESS SERVER

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Alejandro Cardenas, files this Motion to Appoint APS International, Ltd. as Special Process Server for service of citations of Defendants Josue Alejandro Castro Gonzalez and Transportes Canales SA De CV (Defendants).

1.      Plaintiff requests that APS International, Ltd., including its designated agents, be appointed and authorized to effect service of process on the Defendants Josue Alejandro Castro Gonzalez and Transportes Canales SA De CV, in Mexico.  Service shall be effected according to any internationally agreed means, the laws of the foreign country, or as directed by the foreign authority or the originating court if not otherwise prohibited by international agreement or the laws of the foreign country, and in a manner reasonably calculated to give notice.

2.      Plaintiff filed suit against Defendants, who reside in Mexico, Distrito Federal. Mexico is a party to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents.  As such, service upon Defendants Josue Alejandro Castro Gonzalez and Transportes Canales SA De CV may be effected through the designated Mexican Central Authority, the Ministry of Foreign Affairs, Directorate-General of Legal Affairs, Plaza Juarez No. 20, Planta Baja, Edificio Tlatelolco, Colonia Centro, Delegacion Cuauhtemoc, C.P. 06010, Mexico, Distrito Federal.

1

**EXHIBIT "1"**

Electronically Filed
11/15/2021 7:08 PM
Hidalgo County District Clerks
Reviewed By: Edgar Sandoval

2.      Defendant Josue Alejandro Castro Gonzalez ("Gonzalez") is a natural person and is a resident and citizen of Nuevo Laredo, Mexico with a home address of 1711 Salinas Puga, Nuevo Laredo, Mexico 88220.

4.      Defendant Transportes Canales SA De CV ("Corsa") is a foreign for-profit company, with a home office address of Brecha 115 Emilio Portes Gil, Rio Bravo TM 88990, Mexico, that is authorized to do business in Texas.

**WHEREFORE,** Plaintiff requests that the Court approve the Order for APS International, Ltd. to be appointed as designated special process server, and for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**WYATT LAW FIRM, PLLC**
21 Lynn Batts Lane, Suite 10
San Antonio, Texas 78218
Telephone: (210) 340-5550
Facsimile: (210) 340-5581
E-service: e-serve@wyattlawfirm.com

DATE 6-17-22

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy #55

By: _/s/ Paula A. Wyatt_____
Paula A. Wyatt
State Bar No. 10541400
Gavin McInnis
State Bar No. 13679800
Thomas Kocurek
State Bar No. 24027421
Louis Durbin
State Bar No. 24078448
George Deutsch
State Bar No. 24087413
**ATTORNEYS FOR PLAINTIFF**

2

**EXHIBIT "1"**

Electronically Filed
11/15/2021 7:08 PM
Hidalgo County District Clerks
Reviewed By: Edgar Sandoval

CAUSE NO. C-4012-21-J

| | | |
|---|---|---|
| ALEJANDRO CARDENAS | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| TRANSPORTES CANALES SA DE CV and | § | JUDICIAL DISTRICT |
| JOSUE ALEJANDRO CASTRO GONZALEZ | § | |
| *Defendants* | § | |
| | § | HIDALGO COUNTY, TEXAS |

## ORDER TO APPOINT SPECIAL PROCESS SERVER

On this day, came on to be heard Plaintiff's Motion to Appoint Special Process Server for service of citations of Defendants Josue Alejandro Castro Gonzalez and Transportes Canales SA De CV (Defendants).  After consideration of same,

IT IS HEREBY ORDERED that APS International, Ltd., including its designated agents, is appointed and authorized to effect service of process on the defendants, Josue Alejandro Castro Gonzalez and Transportes Canales SA De CV, in Mexico.  Service shall be effected according to any internationally agreed means, the laws of the foreign country, or as directed by the foreign authority or the originating court if not otherwise prohibited by international agreement or the laws of the foreign country, and in a manner reasonably calculated to give notice.

Dated: 11/17/2021 4:08:26 pm

JUDGE PRESIDING

DATE  6-17-22

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy #55

APPROVED AS TO FORM:

Paula A. Wyatt
e-serve@wyattlawfirm.com
Wyatt Law Firm, PLLC
21 Lynn Batts Lane, Suite 10
San Antonio, Texas 78218

1

**EXHIBIT "1"**

Electronically Filed
2/2/2022 11:51 AM
Hidalgo County District Clerks
Reviewed By: Edgar Sandoval

No.  **C-4012-21-J**

| | | |
|---|---|---|
| **ALEJANDRO CARDENAS** | : | **IN THE 430TH JUDICIAL** |
| | : | |
| | : | |
| **VS.** | : | **DISTRICT COURT OF** |
| | : | |
| **TRANSPORTES CANALES SA DE CV AND** | : | |
| **JOSUE ALEJANDRO CASTRO GONZALEZ** | : | **HIDALGO COUNTY, TEXAS** |

## CERTIFICATE OF COURT COSTS

RE:  **TEXAS DEPARTMENT OF PUBLIC SAFETY (DRIVING)**

I, Miranda Leal, Notary Public in and for the State of Texas, hereby certify pursuant to the Rule 203.2, Texas Rules of Civil Procedure,

1.   That the Deposition by Written Questions of **Anthony Mitchell**, the Custodian of Records for **TEXAS DEPARTMENT OF PUBLIC SAFETY**, is a true and exact duplicate of the testimony pertaining to **JOSUE ALEJANDRO CASTRO GONZALEZ** given by the witness named herein, after said witness was duly sworn by a Notary Public;

2.   That $202.20 is the charge for the preparation of the completed Deposition by Written Questions and any copies of exhibits, charged to Attorney for **Plaintiff(s)**, **Paula Wyatt**;

3.   That the Deposition by Written Questions was scheduled as noted in the Notice of Deposition by Written Questions for the witness examination, signature and return to the officer;

4.   That changes, if any made by the witness, in the transcript and otherwise are attached thereto or incorporated therein;

5.   That the witness returned the transcript;

6.   That the original Deposition by Written Questions and any copies thereof, together with copies of any and all exhibits were delivered to the attorney or party who Noticed the first questions for safekeeping and use at trial; and

7.   That a copy of this Certificate of Court Costs was provided to all of the attorneys of record, including, but not limited to:

.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON February 1, 2022.

THE LEGAL CONNECTION, INC.
8656 W Hwy 71, Bldg F, Suite 200
Austin, Texas 78735
512.892.5700  Fax 512.892.5703
notifications@tlc-texas.com

*Miranda Leal*

-------------------------------------------
Notary Public in and for the State of Texas

MIRANDA R. LEAL
Notary Public
STATE OF TEXAS
NOTARY ID 1150188-6
My Comm. Exp. May 19, 2023

**THIS IS NOT AN INVOICE.**

DATE____6-7-22____
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy #55

Order No.  **46030.001**

**EXHIBIT "1"**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

The Legal Connection on behalf of Paula Wyatt
Bar No. 10541400
notifications@tlc-texas.com
Envelope ID: 61386151
Status as of 2/2/2022 11:56 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| PAULA WYATT | | e-serve@wyattlawfirm.com | 2/2/2022 11:51:12 AM | SENT |

**EXHIBIT "1"**

Electronically Filed
2/24/2022 11:57 AM
Hidalgo County District Clerks
Reviewed By: Lorena Gonzalez

No. **C-4012-21-J**

| | | |
|---|---|---|
| **ALEJANDRO CARDENAS** | : | **IN THE 430TH JUDICIAL** |
| | : | |
| | : | |
| **VS.** | : | **DISTRICT COURT OF** |
| | : | |
| **TRANSPORTES CANALES SA DE CV AND** | : | |
| **JOSUE ALEJANDRO CASTRO GONZALEZ** | : | **HIDALGO COUNTY, TEXAS** |

# CERTIFICATE OF COURT COSTS

RE:   **CITY OF LAREDO POLICE DEPARTMENT (POLICE)**

I, Miranda Leal, Notary Public in and for the State of Texas, hereby certify pursuant to the Rule 203.2, Texas Rules of Civil Procedure,

1.   That the Deposition by Written Questions of **Brenda Gonzalez**, the Custodian of Records for **CITY OF LAREDO POLICE DEPARTMENT**, is a true and exact duplicate of the testimony pertaining to **INCIDENT THAT OCCURRED ON AUGUST 6, 2021** given by the witness named herein, after said witness was duly sworn by a Notary Public;

2.   That $290.75 is the charge for the preparation of the completed Deposition by Written Questions and any copies of exhibits, charged to Attorney for **Plaintiff(s)**, **Paula Wyatt**;

3.   That the Deposition by Written Questions was scheduled as noted in the Notice of Deposition by Written Questions for the witness examination, signature and return to the officer;

4.   That changes, if any made by the witness, in the transcript and otherwise are attached thereto or incorporated therein;

5.   That the witness returned the transcript;

6.   That the original Deposition by Written Questions and any copies thereof, together with copies of any and all exhibits were delivered to the attorney or party who Noticed the first questions for safekeeping and use at trial; and

7.   That a copy of this Certificate of Court Costs was provided to all of the attorneys of record, including, but not limited to:

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON February 23, 2022.

THE LEGAL CONNECTION, INC.
8656 W Hwy 71, Bldg F, Suite 200
Austin, Texas 78735
512.892.5700  Fax 512.892.5703
notifications@tlc-texas.com

*Miranda Leal*

---------------------------------------------
Notary Public in and for the State of Texas

> **MIRANDA R. LEAL**
> Notary Public
> STATE OF TEXAS
> NOTARY ID 1150188-6
> My Comm. Exp. May 19, 2023

**THIS IS NOT AN INVOICE.**

DATE___6-17-22___

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy #55

Order No.  **45521.003**

**EXHIBIT "1"**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

The Legal Connection on behalf of Paula Wyatt
Bar No. 10541400
notifications@tlc-texas.com
Envelope ID: 62046110
Status as of 2/24/2022 1:38 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| PAULA WYATT | | e-serve@wyattlawfirm.com | 2/24/2022 11:57:28 AM | SENT |

Associated Case Party: Alejandro Cardenas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| PAULA  A WYATT | | claytonr@wyattlawfirm.com | 2/24/2022 11:57:28 AM | SENT |

**EXHIBIT "1"**

Electronically Filed
5/16/2022 9:22 AM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

CAUSE NO. C-4012-21-J

| | | |
|---|---|---|
| ALEJANDRO CARDENAS | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | 430th JUDICIAL DISTRICT |
| TRANSPORTES CANALES SA DE CV | § | |
| and JOSUE ALEJANDRO CASTRO | § | |
| GONZALEZ | § | |
| *Defendants* | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT TRANSPORTES CANALES SA DE CV'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant **TRANSPORTES CANALES SA DE CV** ("Defendant"),

and files its Original Answer to Plaintiff's Original Petition, and any subsequent petition,

and by way of answer and defense, would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1.1     Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules

of Civil Procedure, and respectfully requests that Plaintiff be required to prove his charges

and allegations against Defendant by a preponderance of the evidence, as required by

the Constitution and the laws of the State of Texas.

### II.
### CONTRIBUTORY NEGLIGENCE

2.1     Subject to and without waiving the foregoing general denial, but still insisting upon

the same, for further answer herein, if any be necessary, as a separate defense,

Defendant would show that Plaintiff's negligence was a cause or the sole cause of the

65136.45664595                                    1

EXHIBIT "1"

Electronically Filed
5/16/2022 9:22 AM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

accident made the basis of this suit and the resulting injuries and damages allegedly sustained by Plaintiff.

## III.
## CONDUCT OF THIRD PARTIES

3.1    Subject to and without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, as a separate defense, Defendant would show that the loss, damage and injuries alleged by Plaintiff were proximately caused by parties over which Defendant had no control, and therefore, Defendant is not liable to Plaintiff.

## IV.
## UNAVOIDABLE ACCIDENT

4.1    Subject to and without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, as a separate defense, Defendant would show that the accident made the basis of this suit and the resulting injuries and damages allegedly sustained by Plaintiff are the result of an unavoidable accident as that term is defined by law.

## V.
## COMPARATIVE NEGLIGENCE

5.1    Subject to and without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, as a separate defense, Defendant invokes the doctrines of comparative causation and negligence in this cause of action. Additionally, Defendant affirmatively reserves its statutory rights to plead comparative negligence pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, Vernon's Annotated Texas Civil Statutes, which includes any negligence on the part of Plaintiff.

Electronically Filed
5/16/2022 9:22 AM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

## VI.
## CAUSATION

6.1    Subject to and without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, as a separate defense, Defendant pleads that the negligence of Defendant, if any, was not the proximate cause or sole proximate cause of Plaintiff's damages, if any, so as to negate the causal connection between the acts complained of by Plaintiff and the condition or occurrence in question.  More particularly, Defendant says that Plaintiff's loss, if any, was caused by the acts and omissions of Plaintiff or other persons and this was the resultant exclusive cause of the event or condition in question.  Defendant contends that Plaintiff could be seeking to recover damages from Defendant for preexisting injuries and/or subsequent injuries not related to this cause of action.  Further, the negligence of Plaintiff, or such other persons, operated as a sufficient intervening cause so as to be the proximate cause of Plaintiff's injuries.  The negligence of such party or parties was not foreseeable to Defendant.

## VII.
## INTERVENING CAUSE

7.1    Subject to and without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, as a separate defense, Defendant asserts that the incident in question occurred as a proximate result of a new and independent, intervening, or superseding cause, or an act of God, not readily foreseeable.

**EXHIBIT "1"**

Electronically Filed
5/16/2022 9:22 AM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

## VIII.
## LIMITATIONS ON DAMAGES

8.1     Subject to and without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, as a separate defense, Defendant hereby pleads the limitations on damages under Section 41.008 of the Texas Civil Practice and Remedies Code.  Furthermore, Defendant pleads limitation on recoverable damages concerning Plaintiff's medical or healthcare expenses, to the amount actually paid or incurred by or on behalf of them pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code as applied by the Texas Supreme Court in *Haygood v. De Escabedo*, 356 SW 3d 390, (Tex. 2011).  Specifically, the Supreme Court held that "actually incurred" should be interpreted to not include expenses which will be written off, adjusted for required insurance purposes, or discharged in bankruptcy.  *See Id.* at 398.  Furthermore, the Supreme Court also held that evidence of medical bills should be inadmissible at trial if they include amounts that will be adjusted because of insurance or not recoverable by the health provider for any other reason.  *Id.* at 399-400.

8.2.     Subject to and without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, as a separate defense, Defendant hereby pleads that if Plaintiff has or will have any loss of earning capacity, although it is disputed, that such loss was caused solely or in some degree by some condition of body, some other injury, or unwillingness to work or look for work, or combination thereof that is completely unrelated to the incident claimed in this lawsuit, and/or has been and will be solely or in part, the result of the Plaintiff's failure to follow the advice, care and treatment of attending doctors.

65136.45664595                                4

**EXHIBIT "1"**

Electronically Filed
5/16/2022 9:22 AM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

8.3.    Subject to and without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, as a separate defense, Defendant hereby pleads that Plaintiff's medical expenses are unreasonable and/or inflated.

8.4.    Subject to and without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, as a separate defense, in the unlikely event that such an adverse judgment is taken against Defendants, Defendant assert that any award to Plaintiff should not include pre-judgment interest for such reason that any delay in the trial of the case would not have been caused by Defendant.  Accordingly, an award of pre-judgment interest would be unreasonable and improper given the circumstances of the case.

**IX.**
**MITIGATION OF DAMAGES**

9.1    Subject to and without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, as a separate defense, Defendant would show that the injuries and damages now complained of by Plaintiff was caused in whole or in part by Plaintiff's failure to mitigate damages.

9.2    Subject to and without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, as a separate defense, to the extent that Plaintiff has or had coverage under a health insurance policy, hospitalization insurance policy, accident insurance policy, a "health benefit plan" as defined by Section 146.001(1) of the Texas Civil Practice and Remedies Code, and/or any other insurance and/or indemnity coverage that would be applicable to,

Electronically Filed
5/16/2022 9:22 AM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

or provide coverage for, any of the medical and/or healthcare expenses allegedly incurred by Plaintiff in connection with the incident in question and/or the injuries allegedly resulting therefrom, including but not limited Medicare or Medicaid, Defendant would show that Plaintiff failed to mitigate Plaintiff's alleged damages by failing to submit such healthcare expenses to Plaintiff's insurance carriers and/or other health benefit plans and/or by failing to timely inform Plaintiff's health care service providers of the existence of such insurance coverages and/or health benefit plans and requesting that the health care service providers submit a claim for reimbursement to Plaintiff's insurer(s) and/or health benefit plans.

## X.
## DAMAGES NOT CONNECTED TO INCIDENT

10.1   Subject to and without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, as a separate defense, Defendant affirmatively alleges that the injuries and damages, about which Plaintiff complains, are in no way connected to the acts complained of by Plaintiff in this suit.

## XI.
## PROOF OF LOSS

11.1   Subject to and without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, as a separate defense, pursuant to §18.091 of the Texas Civil Practice & Remedies Code, Plaintiff is required to prove any loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income

**EXHIBIT "1"**

Electronically Filed
5/16/2022 9:22 AM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

tax law.  Pleading further, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff are subject to federal or state income taxes.

## XII.
## CREDITS AND OFFSETS

12.1   Subject to and without waiving the foregoing general denial and affirmative defenses, but still insisting upon the same, for further answer herein, if any be necessary, as a separate defense, Defendant affirmatively pleads for all credits and offsets which it may be entitled to under applicable law.

## XIII.
## NOTICE

13.1   As authorized by TEX. R. EVID. 609(f), Defendant hereby notifies Plaintiff of its intent to use evidence at trial of criminal convictions, if any exist, of Plaintiff and all persons identified by any party as having knowledge of relevant facts.

## XIV.
## RULE 193.7 NOTICE OF INTENT TO USE DOCUMENTS

14.1.   Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives notice to Plaintiff of its intent to use, in pretrial proceedings and trial of this matter, documents produced in discovery, depositions, deposition exhibits, appendices, references and other discovery not otherwise on file with this Court, without the necessity of authenticating the documents.

## XV.
## JURY REQUEST

15.1   Defendant hereby requests a trial by jury of all issues of fact in this lawsuit, and hereby tenders the jury fee.

**EXHIBIT "1"**

Electronically Filed
5/16/2022 9:22 AM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

# XVI.
## CONSENT TO EMAIL SERVICE

16.1    Defendant consents to any notices, motions, or pleadings being served upon it in care of their attorneys by email at jim.hunter@roystonlaw.com and liliana.elizondo@roystonlaw.com.

## PRAYER

WHEREFORE, **PREMISES CONSIDERED**, Defendant **TRANSPORTES CANALES SA DE CV** requests that Plaintiff take nothing by reason of this suit, that Defendant recover its costs, and the Court grant such other and further relief, both special and general, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP**

DATE___6-17-22___

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy #55

By:    **/s/ Liliana Elizondo**
James H. Hunter, Jr.
State Bar No. 00784311
jim.hunter@roystonlaw.com
Liliana Elizondo
State Bar No. 24078470
liliana.elizondo@roystonlaw.com
55 Cove Circle
P. O. Box 3509
Brownsville, TX 78523-3509
Tel: (956) 542-4377
Fax: (956) 542-4370
**ATTORNEYS FOR DEFENDANT
CANALES SA DE CV**

65136.45664595

8

Electronically Filed
5/16/2022 9:22 AM
Hidalgo County District Clerks
Reviewed By: Irma Lopez

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via ECF Filing, Facsimile, and/or E-Mail on this the 16th day of May 2022 as follows:

Paula A. Wyatt
Gavin McInnis
Wyatt Law Firm, PLLC
Oakwell Farms Business Center
21 Lynn Batts Lane, Suite 10
San Antonio, Texas 78218
*Counsel for Plaintiff*

/s/ Liliana Elizondo
Of Royston, Rayzor, Vickery & Williams, LLP

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laura Sifuentes on behalf of Liliana Elizondo
Bar No. 24078470
laura.sifuentes@roystonlaw.com
Envelope ID: 64520066
Status as of 5/16/2022 9:43 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| PAULA WYATT | | e-serve@wyattlawfirm.com | 5/16/2022 9:22:38 AM | SENT |

Associated Case Party: Alejandro Cardenas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| PAULA  A WYATT | | claytonr@wyattlawfirm.com | 5/16/2022 9:22:38 AM | SENT |
| Candice Garza | | cgarza@wyattlawfirm.com | 5/16/2022 9:22:38 AM | SENT |
| Thomas Kocurek | | tkocurek@wyattlawfirm.com | 5/16/2022 9:22:38 AM | SENT |
| George Deutsch | | gdeutsch@wyattlawfirm.com | 5/16/2022 9:22:38 AM | SENT |
| Jordan Wyatt | | jordanw@wyattlawfirm.com | 5/16/2022 9:22:38 AM | SENT |

Associated Case Party: Transportes Canales S A De CV

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Liliana Elizondo | | liliana.elizondo@roystonlaw.com | 5/16/2022 9:22:38 AM | SENT |
| James H. Hunter, Jr | | jim.hunter@roystonlaw.com | 5/16/2022 9:22:38 AM | SENT |